UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

RONALD PUKLOWSKI, an individual,

*Plaintiff,*

v.

PREVENTIVE FIRE & SAFETY EQUIPMENT, INC., a Florida corporation, and LESLIE TRAFELET, an individual,

*Defendants.*

CASE NO:

**COMPLAINT FOR DAMAGES**

Plaintiff Ronald Puklowski, through undersigned counsel, files his Complaint against Preventive Fire & Safety Equipment, Inc. and Leslie Trafelet and states:[1]

**INTRODUCTION**

1. This is an action for violations of the Fair Labor Standards Act ("FLSA") and conversion by Puklowski against his former employer, PFS, and its principal Trafelet.

2. Puklowski has 25 years' experience as a fire equipment technician permitted by Florida's Division of State Fire Marshall.

3. After being employed as a fire equipment technician for PFS from March 2013 to March 2021, Puklowski resigned because he was overworked and underappreciated.

4. After Puklowski submitted his letter of resignation, Defendants secretly arranged to retrieve Puklowski's work truck without providing him any notice. Sitting in that truck were

---

[1] Plaintiff Ronald Puklowski is "Puklowski" or "Plaintiff." Defendant Preventive Fire & Safety Equipment, Inc. ("PFS") and Defendant Leslie Trafelet ("Trafelet") are collectively "Defendants."

5. eight notebooks and work-related tools that belonged to Puklowski. Defendants have ignored Puklowski's requests to return the stolen items.

6. Defendants' theft is part of their concerted effort to avoid paying Puklowski commissions and overtime wages for jobs he worked, which are detailed in his notebooks.

7. Defendants never paid Puklowski a dollar of overtime even though he regularly worked seven days a week and consistently logged more than 60 hours in a week.

## PARTIES

8. Puklowski is a Florida citizen residing in Hillsborough County, Florida.

9. PFS is a Florida corporation that maintains its principal place of business at 1233 Old Dixie Hwy, #5, Lake Park, FL 33403. PFS is an employer within the meaning of 29 U.S.C. § 203(d).

10. Trafelet is a Florida citizen and resident of Palm Beach County, Florida.

11. At all times material, PFS was an "enterprise engaged in commerce" within the meaning of 29 U.S.C. § 203. Plaintiff's work for Defendants affected interstate commerce for the relevant time period. Defendants service, repair, and sell fire and safety equipment are transported and used in interstate commerce and directly impact residential and commercial structures used in interstate commerce, owned by out of state entities and/or individuals, and insured by interstate entities. Puklowski's work included servicing such fire and safety equipment as well as communicating with Defendants' clients through telephone, e-mail, and fax. Additionally, PFS grossed in excess of $500,000 per annum for the relevant time period.

12. Trafelet is the owner of PFS. As PFS' owner, Trafelet had, at all times material, operational control over significant aspects of PFS' day-to-day functions, including compensation,

scheduling, and supervision of employees. Trafelet is an employer within the meaning of 29 U.S.C. § 203(d) and personally liable for the FLSA violations complained of herein.

13. At all times material, Defendants maintained control, oversight, and direction over Puklowski in his capacity as a PFS employee, including, but not limited to, hiring and firing decisions, determining rate of pay and work schedules, maintaining employment records, and otherwise controlling the terms and conditions of Puklowski's employment.

14. At all times material, Defendants had control over and the power to change compensation practices that harmed Puklowski and other individuals they employed.

## JURISDICTION AND VENUE

15. This Court has federal question jurisdiction over Puklowski's FLSA claim pursuant to 28 U.S.C. § 1331.

16. This Court has supplemental jurisdiction over Puklowski's state law claim pursuant to 27 U.S.C. § 1367 because the claim is so closely related to Puklowski's FLSA claim that it forms part of the same case or controversy under Article III of the United States Constitution.

17. This Court has personal jurisdiction over PFS because it is a Florida corporation with its principal place of business in Palm Beach County where it continuously conducts business.

18. This Court has personal jurisdiction over Trafelet because he is a Florida citizen residing in Palm Beach County.

19. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because Defendants are subject to personal jurisdiction in this District and because the acts giving rise to the claims herein occurred in this District.

## GENERAL ALLEGATIONS

**A. Florida's Fire and Safety Equipment Industry**

20. PFS competes in Florida's fire and safety equipment industry. Fire equipment technicians, like Puklowski, provide specialized services to ensure the proper function and maintenance of fire and safety equipment.

21. Fire equipment technicians must be permitted by Florida's Division of State Fire Marshall and undergo continuing education courses to maintain familiarity with new fire and safety equipment, procedures, and coding.

**B. Puklowski's Tenure with PFS**

22. In March 2013, Defendants hired Puklowski as a service technician.

23. PFS would receive calls from clients requesting fire and safety equipment services, and PFS would schedule Puklowski to provide such services for these clients.

24. Until his resignation from PFS in March 2021, Puklowski was employed by Defendants within the meaning of 29 U.S.C. § 203(g).

25. All aspects of Puklowski's daily responsibilities were tightly managed by Defendants and the policies, procedures, and practices they enacted. For example, Puklowski was:

   a. Required to work on a fixed schedule set by Defendants that he could not deviate from without prior approval;

   b. Required to use company-provided forms, contracts, software, and other tools;

   c. Required to follow company-prescribed procedures and instructions; and

   d. Provided a company truck and uniform that he was required to wear while working.

26. From 2013 through 2019, Puklowski was paid on a commission-only basis. From 2020 through 2021, Puklowski was paid on both a commission basis and a flat weekly rate.

### C. Puklowski Routinely Worked Overtime Without Compensation

27. During his eight years at PFS, Puklowski nearly always worked a seven-day workweek. He would nearly always work well beyond eight-hour shifts and into the night. On weekends, he would work for several more hours.

28. Throughout his employment, Puklowski's routinely worked in excess of 60 hours in a workweek.

29. Defendants failed to pay Puklowski overtime wages for hours worked in excess of 40 hours in a workweek.

### D. Defendants Stole Puklowski's Tools and Notebooks Tracking His Wages

30. Puklowski submitted his resignation letter to Defendants on March 9, 2021, which stated his last day would be March 26, 2021.

31. Trafelet accepted Puklowski's resignation.

32. On March 17, 2021, without providing any notice to Puklowski, Trafelet arranged for someone, presumably an agent of PFS, to remove the PFS work truck from the front of Puklowski's residence.

33. Puklowski used his work truck for the past eight years. Inside the truck, he had notebooks that detailed jobs worked and money owed to him by PFS, tools, and numerous other personal belongings.

34. Puklowski asked Trafelet why Defendants took his work truck without any notice to remove his property. But Trafelet would not provide Puklowski any explanation.

35. Instead, Trafelet told Puklowski that he was not allowed to come back to the office and did not need to finish his work with Defendants. Trafelet claimed that Puklowski's personal items that had been contained in the truck would be mailed to his address.

36. That did not happen. Specifically: Defendants did not return Puklowski's notebooks that included detailed information that allowed Puklowski to accurately calculate the commissions he was owed by Defendants, record the jobs he worked, and track the hours he logged.

37. Defendants also did not return a number of Puklowski's tools, including:

   a. Fluke 1AC- A1-11 Voltmeter;

   b. Fluke 117 RMS Multimeter;

   c. Yellow Jacket- 6 ft. Extension Cord;

   d. Nicron 90 Degree Magnetic Rechargeable Flashlight;

   e. Imperial 1/4 inch NPT Ouck Coupler;

   f. Kobalt 3/8 Drive Flex Ratchet;

   g. Pyro Chem Lockout Pin;

   h. Ansul Lockout Bar;

   i. Swanson Magnetic Torpedo Level;

   j. Brooks Firetech Pen Continuity Tester; and

   k. Harbinger Weight-Lifting Gloves.

38. Puklowski again demanded the return of his property. Defendants ignored him.

39. Defendants' failure to return Puklowski's property has caused him monetary damages.

40. To date, Defendants have failed to pay Puklowski for overtime he is owed.

### COUNT I — VIOLATION OF THE FAIR LABOR STANDARDS ACT
**(Against Defendants)**

41. Puklowski repeats and realleges Paragraphs 1-40 as if fully set forth herein.

42. Puklowski regularly worked for Defendants in excess of forty (40) hours a week.

43. During his employment, Puklowski's primary job duties were to provide non-retail services for fire and safety equipment arranged for and scheduled by PFS. Puklowski never qualified as an executive, administrative, or outside sales employee, or any other kind of employee exempt from overtime regulations under 29 C.F.R. Part 541 § 13.

44. Puklowski's work for Defendants affected interstate commerce for the relevant time period.

45. Defendants failed to make, keep, and preserve accurate records with respect to Puklowski's hours worked each workday and total hours worked each workweek, as required by 29 U.S.C. § 211(c) and supporting federal regulations.

46. The FLSA, pursuant to 29 U.S.C. § 207, requires covered employers, such as Defendants, to compensate all non-exempt employees, such as Puklowski, at a rate not less than one-and-one-half times their regular rate of pay for work performed in excess of forty (40) hours per workweek.

47. Defendants failed to pay Puklowski overtime wages for hours worked over forty (40) hours a workweek. As such, Puklowski is entitled to overtime compensation at one-and-one-half times his regular rate of pay for all work performed in excess of forty (40) hours per workweek.

48. Defendants' unlawful conduct was willful and intentional. Defendants were aware, or disregarded the possibility, that their practices with regard to Puklowski's compensation violated the FLSA.

49. Due to Defendants' intentional, willful, and unlawful acts, Puklowski was damaged. Specifically, he was deprived of overtime compensation, and he is entitled to recovery of these amounts, liquidated damages, and attorney's fees pursuant to the FLSA, each in an amount to be proven at trial.

## COUNT II — CONVERSION
### (Against Defendants)

50. Puklowski repeats and realleges Paragraphs 1-40 as if fully set forth herein.

51. Puklowski has a clear and exclusive ownership right in the items listed in paragraphs 39 and 40 above, all of which were taken by Defendants from his work truck and have not been returned after repeated requests from Puklowski.

52. Puklowski's eight notebooks and work tools are his property, the totality of which has considerable monetary value.

53. Puklowski's work tools are valuable and necessary to perform his job duties as a fire equipment technician.

54. Because Puklowski independently purchased the work tools, he has the right to exclusive dominion over them.

55. Puklowski's eight notebooks have valuable information concerning Puklowski's regular rate of pay, including valuable information for the calculation of hours worked for PFS and calculation of overtime wages owed for such hours.

56. Puklowski's eight notebooks also contain information that is not generally known to others because the only person who has used or had access to the eight notebooks was Puklowski. What was once solely known and held by Puklowski is now in the hands of the Defendants.

57. Because the valuable information contained within the eight notebooks was created by and belongs to Puklowski, he has the right to exclusive dominion over his eight notebooks.

58. Defendants knew or should have known that they were not entitled to Puklowski's eight notebooks and work tools.

59. Puklowski has demanded Defendants return the eight notebooks and work tools, but Defendants have ignored these demands which is inconsistent with Puklowski's ownership in his property.

60. Defendants are permanently depriving Puklowski of his property.

61. Defendants' actions constitute a conversion of Puklowski's eight notebooks and work tools, which has harmed Puklowski including, but not limited to, through the his loss of documentation regarding overtime work, wages, and commissions and the loss of tools utilized in his trade, all of which have considerable monetary value, and the loss of his ability to utilize the stolen tools.

## PRAYER FOR RELIEF

**WHEREFORE**, the following relief is requested from the Court:

a. Damages against Defendants, in an amount to be determined, for Puklowski's unpaid wages as a result of Defendants' violations of the FLSA;

b. Liquidated damages against Defendants in an amount equal to Puklowski's unpaid wages as a result of Defendants' violations of the FLSA;

c. Compensatory damages suffered by Defendants' conversion of Puklowski's eight notebooks and tools;

d. Return of Puklowski's eight notebooks and tools;

e. Reasonable attorneys' fees, costs, and expenses incurred by Puklowski in this litigation pursuant to 29 U.S.C. § 216(b), to be borne by Defendants;

f. Pre-judgment and post-judgment interest; and

g. Such other relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury on all claims.

| | |
|---|---|
| Dated: June 27, 2022 | Respectfully submitted,<br><br>By: */s/ Christopher S. Prater*<br>Jonathan E. Pollard<br>Florida Bar No.: 83613<br>jpollard@pollardllc.com<br><br>Christopher S. Prater<br>Florida Bar No.: 105488<br>cprater@pollardllc.com<br><br>Michael A. Boehringer<br>Florida Bar No.: 1018486<br>mboehringer@pollardllc.com<br><br>**Pollard PLLC**<br>401 E. Las Olas Blvd., Ste. 1400<br>Fort Lauderdale, FL 33301<br>Telephone: 954-332-2380<br>Facsimile: 866-594-5731<br>*Attorneys for Plaintiff Ronald Puklowski* |